## In re Stiles.

*William Clarke Mason,* for rule.

FINLETTER, P. J., Oct. 31, 1930.—A petition of the Committee of Censors of The Law Association was filed under Rule 215 of the rules of this court, which provides:

"Whenever the Committee of Censors of the Law Association of Philadelphia shall, after full hearing of a complaint against a member of the bar, deem the case one for consideration by the court, it may file a petition in the proper court presenting the facts and praying for a rule upon the respondent to show cause why he should not be disciplined. On the return day of this rule a hearing shall be had before the court, at which the respondent may be present with his witnesses to defend himself, and at which the committee shall also be represented. At such hearing the committee shall hand to the court a transcript of the testimony taken before the committee and the findings of fact or opinion of the committee in the premises. After full hearing in court, at which such evidence as either party may desire to present shall be heard, the court shall take such action as to disciplining the member of the bar so complained against or in dismissal of the complaint as shall be right and just in the premises. The court in its discretion may direct that its action be published at least once in the Legal Intelligencer."

Upon this petition a rule was granted, on Oct. 17, 1929, upon the respondent to show cause why he should not be disciplined pursuant to the above rule. This was made returnable on Oct. 28, 1929.

It appears by affidavit filed that respondent was served with notice of the rule. No answer was made by the respondent to the allegations of the petition for it. The respondent did not appear at the argument upon the rule on Oct. 28, 1929, nor at a later date fixed by the court for a hearing.

At the hearing on the return day of the rule the Committee of Censors, through its counsel, William Clarke Mason, Esq., handed to the court a transcript of the testimony taken before the committee and the findings of fact and opinion of the committee in the premises.

The petition makes four charges of unprofessional conduct and dishonesty against the respondent:

1. That he falsely represented himself as authorized by the Rev. John B. Panfil to collect the rent of a parcel of real estate, No. 3226 North Dover Street, owned by Mr. Panfil, and did collect it, and converted it to his own use.

2. That he received $250 in addition for payment to Mr. Panfil, and has not accounted for it.

3. That he accepted in May, 1927, a fee of $200 in a divorce case and has rendered no services.

4. That he received $100 from a client in a divorce case to be deposited in court to meet the master's fee and failed to make the deposit.

1. It appears from the testimony taken before the Committee of Censors that the circumstances in connection with the first charge are these: Under an arrangement between Mr. Panfil and the Rev. Elliott White, the latter held title to the real estate above mentioned as security for a debt owing by Mr. Panfil to Mr. White. It was agreed that the rent should be collected by Mr. White and the balance left after paying fixed charges and repairs should be paid to Mr. Panfil. The latter went to Asia as a missionary in 1925, remaining there until 1928. Meanwhile, in 1926, Mr. White died and by will bequeathed to Mr. Panfil the balance of the debt owing by the latter to him, and directed the reconveyance of the real estate to Mr. Panfil. The Pennsylvania Company was executor of the will and retained the respondent as its attorney. The collection of the rents was assumed by the respondent. He did, in fact, collect them to the amount of $600. This was more than sufficient to pay the fixed charges, mortgage interest, taxes, &c., on the real estate. The respondent, however, converted the money to his own use and did not pay the interest due upon the mortgages. As a result a mortgage was foreclosed and the interest of Panfil in the property wiped out. Respondent knew of the foreclosure proceedings. In a reply submitted by respondent to the Committee of Censors respondent claimed that the total amount of rent collected by him was $466, and averred that he had returned, on Aug. 30, 1928, $450 to Mr. Panfil. No explanation has been made by him of his failure to account earlier to Mr. Panfil or of his continued retention of the balance of $100, left after paying a repair bill of $50, or of his failure to pay the mortgage interest, with the disastrous result above spoken of to Mr. Panfil, i. e., the loss of the equity in the property valued at $3000.

2. With relation to the second charge, the facts are that on Sept. 24, 1928, the Rev. James F. Bullitt, Archdeacon, who was in charge of Mr. White's affairs after the latter's death, paid to the respondent, for Mr. Panfil, $200; and on Oct. 1, 1928, a further sum of $100. This has never been accounted for.

3. A client of the respondent, Mrs. Frances Skiva, paid the respondent in May, 1927, $200 on account of his professional services and the costs of a divorce case. At the time of the hearing of this charge by the Committee of the Board of Censors, on Feb. 24, 1929, the respondent had not commenced the proceedings. He promised the committee to deposit the master's fee with the prothonotary on the following Monday and proceed with the case. At the time the within petition was filed, Oct. 30, 1929, he had done nothing.

4. There is no evidence upon the fourth charge, except the respondent's failure to deny it as alleged in the petition.

It is obvious that a man who is guilty of such acts of dishonesty as those recited above is unfit to be entrusted with the duties and responsibilities of a member of the bar.

Extended comment upon his misdeeds is unnecessary. In the Panfil case he obtruded himself into the management of Mr. Panfil's property without authority. He had not been retained, but he pretended to be authorized to represent him; and utilized the foothold this gave him upon the property to collect and embezzle his client's rents. It was a cruel thing to do, for the result was that the latter's property was swept away by the sheriff.

The treatment of the money paid by Mr. Bullitt and the pocketing of Mrs. Skiva's money given to him in part to deposit with the prothonotary were simple cases of petty thieving.

There is only one discipline for such a man, if merely for the protection of other possible clients, and that is to put it out of his power to use his position

as a member of the bar by disbarring him from further practice, and this we order.

### Order.

And now, Oct. 31, 1930, it is ordered and decreed that Louis M. Stiles, a member of the bar of this court, be and he is hereby disbarred from further practicing as an attorney therein. Let notice of this order be given by the prothonotary to the several Courts of Common Pleas and the Orphans' Court of this county.